**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

CAROLYN WILEY GRACE,          :

    Plaintiff,                :

vs.                           :     CA 07-0450-C

EDWIN BOOKER, *as*            :
*Administrator of the Estate of*
*Gordon H. Howard*,           :

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the removal petition (Doc. 1) and plaintiff's motion to remand (Doc. 4). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this case, including disposition of the remand motion. (Docs. 6 & 8 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the contents of the foregoing pleadings, with attachments, the Court **GRANTS** plaintiff's motion to remand and hereby

**REMANDS** this case to the Circuit Court of Conecuh County, Alabama from whence it came.

## **FINDINGS OF FACT**

1. On August 30, 2006, plaintiff filed a one-count complaint against Gordon H. Howard, and fictitious parties, in the Circuit Court of Conecuh County, Alabama arising out of a September 14, 2004 automobile accident that occurred in Castleberry, Alabama. (Doc. 1, Exhibit A, COMPLAINT) In this complaint, plaintiff demanded judgment against all defendants in the amount of $74,999.00. (*Id*. at 3)

2. Plaintiff filed an amended complaint on June 18, 2007 and therein substituted Edwin Booker, as Administrator of the Estate of Gordon H. Howard, as the proper defendant for the decedent. (Doc. 1, Exhibit A, AMENDED COMPLAINT) The amended complaint demanded judgment against the defendants "in an amount to be determined by struck jury[.]" (*Id*. at 3)

3. Edwin Booker, as Administrator of the Estate of Gordon H. Howard, removed the action to this Court on June 22, 2007, arguing in the notice of removal that this Court may exercise diversity jurisdiction. (Doc.1) In the removal petition, Booker contends that based upon the "significant neck

and back issues" for which Grace has "sought and received medical treatment on numerous occasions[,]" and the decedent's automobile policy limits of $100,000.00,[1] it can reasonably be anticipated that the "amount in controversy for purposes of diversity jurisdiction will exceed $75,000, exclusive of interest and costs." (Doc. 1, at ¶¶ 17-19)

    4.    Plaintiff filed a motion to remand on June 28, 2007 (Doc. 4) and attached thereto her certification, through counsel, that she "will not seek nor accept judgment in the above styled action in an amount exceeding $74,500.00. Plaintiff will not amend the Complaint to seek more than $74,500.00, even if this matter is pending more than 1 year. If the case is remanded to the Circuit Court of Conecuh County, Alabama, the Plaintiff will not seek damages exceeding $74,500.00 at any time in these proceedings and should a jury return a verdict greater than $74,500.00, Plaintiff will not accept an amount in excess of $74,500.00." (*Id*., PLAINTIFF'S CERTIFICATION)

## **CONCLUSIONS OF LAW**

    1.    "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in

---

[1] The removing party attached to the notice of removal the petition for letters of administration recorded in the Conecuh County Probate Court on March 26, 2007, same reflecting that both at the time of the accident and at the time of his death Gordon Howard had liability insurance in the amount of $100,000.00. (Doc. 1, Exhibit C)

federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).  However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

        2.      "[T]he removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted); *Tapscott, supra* ("A removing defendant has the burden of proving the existence of federal jurisdiction."). Therefore, in this case, the burden is on Edwin Booker, as the Administrator of the Estate of Gordon H. Howard, to establish complete diversity, that is, the plaintiff is diverse from every defendant, *Triggs, supra*, 154 F.3d at 1287 (citation omitted), and, in addition, to establish by a preponderance of the evidence that

the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, *Tapscott, supra*, 77 F.3d at 1357 ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.").

3. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citation omitted). A removing defendant cannot satisfy his burden of establishing federal jurisdiction by making "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion[.]" *Id.* at 1319-1320; *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (same); *Anderson v. Lotus Cars USA, Inc.*, 2007 WL 1229105, *2 (M.D. Fla.

2007) ("A conclusory allegation in the notice of removal without setting forth underlying facts supporting such assertion is insufficient to meet the defendant's burden.").

    4.    Like the *Williams* case, in this case it is not facially apparent from Grace's amended complaint that the amount in controversy exceeds $75,000. *Compare Williams,* 269 F.3d at 1320 (Eleventh Circuit reached the conclusion that it was not facially apparent from the complaint that the amount in controversy exceeded $75,000 despite also noting that the amount in controversy "might well exceed the jurisdictional amount[]" given the complaint's demands for "general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time.") and *Moore v. CNA Foundation*, 472 F.Supp.2d 1327, 1331 (M.D. Ala. 2007) ("Moore has alleged four common-law claims, but her complaint is nowhere near specific enough as to the duration, extent, severity, or kind of harms alleged such that this court could hazard a reliable estimate as to the value of such claims, were she to prevail.") *with* Doc. 1, Exhibit A, Amended Complaint , at ¶ 6 ("Said Plaintiff was caused to suffer from severe bruises, contusions and abrasions. She received injuries to her head, back, neck and

other parts of her body. She has been caused to incur expenses for hospital bills, doctor bills, and other expenses in her efforts to treat the injuries she sustained. She has been caused to suffer from much pain and still suffers pain. She has been caused to be permanently injured."). Therefore, this Court turns to the notice of removal and any pertinent evidence submitted by the parties to determine whether Edwin Booker has satisfied his burden of establishing the amount in controversy requirement by a preponderance of the evidence.

     5.    This Court does not hesitate in concluding that the removing defendant has not met his burden of establishing federal jurisdiction. In the notice of removal, the only fact cited by Booker different from the plaintiff's allegations in her complaint, allegations which this Court has already found do not make it "facially apparent" that the jurisdictional amount is satisfied, is that the decedent's automobile insurance policy has a limit of liability of $100,000 (Doc. 1, at ¶ 18). Certainly, a limit of liability on an insurance policy exceeding the jurisdictional amount cannot carry the removing defendant's burden any more than does a plaintiff's refusal to stipulate that her claims do not exceed the jurisdictional requirement, *see, e.g., Williams, supra,* 269 F.3d at 1320 (plaintiff's refusal to stipulate that her claims do not exceed $75,000, standing alone, does not satisfy the removing party's burden of proof on the

jurisdictional issue); *Anderson, supra*, 2007 WL 1229105, at *2 (same), particularly in light of the allegations of plaintiff's original complaint, containing a demand for damages in an amount less than the jurisdictional amount (Doc. 1, Exhibit A, COMPLAINT, at 3 (demand for judgment in the amount of $74,999.00) and her certification filed in this Court, by and through counsel, that she does not seek nor will she accept damages in excess of the jurisdictional amount (Doc. 4, PLAINTIFF'S CERTIFICATION (plaintiff does not seek nor will she accept damages in excess of $74,500.00)). This Court views plaintiff's certification as the type of evidence alluded to in *Williams, supra*, as relevant to the amount in controversy issue. *Cf. Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*, that 'under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time.'").

      6.     In light of the foregoing, the Court finds that the removing defendant has not satisfied his burden of proving federal jurisdiction.

Accordingly, this case is **REMANDED** to the Circuit Court of Conecuh County, Alabama.

## **CONCLUSION**

Plaintiff's motion to remand this case to the Circuit Court of Conecuh County, Alabama (Doc. 4) is **GRANTED**.

**DONE** and **ORDERED** this the 19th day of July, 2007.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**